# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Reginald C. Howard,<br><br>              Plaintiff,<br><br>v.<br><br>D. Cole, et al.,<br><br>              Defendants. | Case No. 2:23-cv-00673-GMN-DJA<br><br>**Order** |

      Before the Court is Defendants Travis Bradshaw, Sean Donahue, and Richard Vasquez's for an order to show cause why Plaintiff Reginald C. Howard should not be sanctioned or held in contempt for failing to comply with the Court's September 20, 2024, order[1] granting Defendants' motion to compel Plaintiff to provide supplemental interrogatory responses. (ECF No. 36). Defendants ask either that the Court impose sanctions or order Plaintiff to show cause why sanctions should not issue. Plaintiff responds, arguing that he was delayed in responding to the interrogatories because Defendants had seized his legal documents. (ECF No. 37). Plaintiff also asserts that he had requested documents in his own discovery requests from Defendants that would help him respond to the interrogatories, although he does not provide further details. (*Id.* at 2). Nonetheless, Plaintiff asserts that he mailed his supplemental responses to Defendants on October 17, 2024. (*Id.*).

      Defendants reply that Plaintiff's excuse for his delay is without merit. (ECF No. 39). Although true that Plaintiff did not have four of his legal boxes (when he was transferred from Ely State Prison to High Desert State Prison, he was only allowed to bring three boxes out of his seven) the Attorney General's office facilitated the transfer of Plaintiff's additional boxes on November 28, 2021. (*Id.* at 2). Defendants add that Defendant Donahue timely responded to

---

[1] This order is filed at ECF No. 34.

Plaintiff's discovery requests. (*Id.*). Defendants also point out that, while Plaintiff claims to have sent his supplemental responses on October 17, 2024, his responses were postmarked on October 23, 2024, the date that Defendants filed their motion for an order to show cause. (*Id.* at 3).

Federal Rule of Civil Procedure 37(b)(2)(A) gives the Court authority to sanction a party for failing to obey an order to provide discovery. Those sanctions may include treating the failure as contempt of court or paying the reasonable expenses and attorneys' fees caused by the failure, which are the sanctions that Defendants seek here. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii); (C). The Court may not order monetary sanctions if the failure to respond to discovery was substantially justified or other circumstances make the award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C).

Here, given Defendants' explanations and the fact that Plaintiff was ultimately able to provide his discovery responses, the Court finds that Plaintiff's reasons for his delay in providing the responses are not persuasive. Additionally, it took Defendants filing and winning a motion to compel and filing a motion for order to show cause for Plaintiff to finally provide those responses. On the other hand, it is not clear whether Plaintiff fully understood his responsibilities following the Court granting Defendants' motion to compel. And it is not clear what communications, if any, Defendants had with Plaintiff after the Court granted their motion to compel. While Defendants assert that Plaintiff is an experienced litigator, he is still pro se. And he did ultimately provide the responses about a month after the Court granted the motion to compel. The Court thus declines to enter sanctions at this time and will instead enter an order to show cause. Plaintiff must respond to this order in writing and show cause why the Court should not impose sanctions for his failure to comply with the Court's order granting Defendants' motion to compel discovery.

///

///

///

**IT IS THEREFORE ORDERED** that Defendants' motion for an order to show cause (ECF No. 36) is **granted.** Plaintiff must respond to this order on or before **February 3, 2025,** and show cause in writing why the Court should not enter sanctions for his failure to comply with the Court's order granting Defendants' motion to compel.

DATED: January 3, 2025.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE